IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
08/21/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

GELACIO VALLADARES JAVIER,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
MARKWAYNE MULLIN, DHS Secretary;
CHRISTOPHER CHAMBERLAIN,
Acting Assistant Field Office Director; and
DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Case No. 26-3251-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **grants the petition in part and denies it in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **September 2, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

In April 2023, petitioner, a native of Mexico, was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5), valid until April 27, 2024. A Notice to Appear (NTA) charging petitioner as inadmissible was issued at the time of his entry. Petitioner

subsequently applied for asylum. On June 29, 2026, immigration officials took petitioner into custody, and he presently remains in custody in this judicial district pending removal proceedings. On July 23, 2026, petitioner filed the instant habeas action; respondents have now filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). By his petition, petitioner claims that the termination of his parole without prior notice or a subsequent interview violated due process, Section 1182(d)(5), and applicable regulations. He seeks his release and the reinstatement of his parole. The Court concludes, however, that petitioner has not shown a violation of federal law with respect to the termination of his parole.

Petitioner claims that he should have received notice of the termination of his parole. The applicable regulation, 8 C.F.R. § 212.5(e), provides that "[p]arole shall be automatically terminated without written notice . . . at the expiration of the time for which parole was authorized." *See id.* § 212.5(e)(1). Respondents have provided evidence that petitioner's parole was authorized only until April 27, 2024, and petitioner has not disputed that fact or provided evidence to the contrary. Accordingly, petitioner's parole was automatically terminated in April 2024, without any requirement of notice, and petitioner's claim based on a lack of notice is therefore denied.

Petitioner nonetheless argues that the termination was improper in other ways. He notes that the regulation cited above further requires that, upon automatic termination after

expiration of parole, the alien is to be processed in accordance with paragraph (e)(2) of the regulation. *See id.* Paragraph (e)(2) provides in relevant part as follows:

> In cases not covered by paragraph (e)(1) of this section, upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole. When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified. Any further inspection or hearing shall be conducted under section 235 or 240 of the Act and this chapter, or any order of exclusion, deportation, or removal previously entered shall be executed.

*See id.* § 212.5(e)(2)(i). Because petitioner's parole was automatically terminated without notice, the first two sentences of this paragraph do not apply here. The third sentence requires that any further inspection or hearing for petitioner be conducted under Section 235 or 240 of the Act. Petitioner notes that no such proceedings were held at the time of the termination of petitioner's parole. The regulation does not set any time limit, however, but merely provides that any further proceedings should be conducted under the ordinary statutory bases, either 8 U.S.C. § 1225 or 8 U.S.C. § 1229a. As respondents note, a hearing is set in petitioner's case for August 27, 2026. Petitioner has not shown a violation of this regulation.

Although he did not cite or rely on any such requirement in his petition, petitioner argues in his traverse that the Government did not comply with one provision of the parole statute, Section 1182(d)(5), which states that "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled." *See* 8 U.S.C. §

1182(d)(5)(A). Petitioner argues that he was not returned to custody "forthwith" in April 2024 when his parole was terminated. Of course, on its face, this provision would not apply here, as petitioner's parole was not terminated upon notice after a determination by officials that the purposes of his parole had been served (in accordance with 8 C.F.R. § 212.5(e)(2)(i)), but rather was automatically terminated without the need for such a determination. In addition, petitioner has not explained or cited authority to suggest why the Government's failure to take him into custody much earlier should entitle him to release now. The Court denies any such claim asserted in the traverse.

Petitioner also claims in the petition that officials violated 8 C.F.R. § 241.4(*l*)(1) because he was not given a statement of reasons or an interview in conjunction with the termination of his parole. He has abandoned that claim in his traverse, however, conceding that the provision on its face would not apply here because there is no final order of removal for petitioner. *See id.* Petitioner nevertheless claims in his traverse that similar requirements should be applied here under due process. The Court denies that claim, for which petitioner has cited no authority. As discussed, the applicable regulation provided for termination here without any notice whatsoever, and as respondents note, the Supreme Court has held that an alien originally detained at entry has no due process rights beyond the rights afforded by Congress, even if the alien been paroled in the United States for years pending removal. *See Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020).

In addition, petitioner has not shown that his detention pending removal violates substantive due process. Petitioner claims that the detention of one who does not present

a danger to the community or a flight risk does not serve a legitimate interest. As discussed below, however, petitioner is entitled to a bond hearing at which the issues of dangerousness and flight risk may be addressed.

Finally, although petitioner cited 8 U.S.C. § 1226(a) in his petition, he did not argue that his detention after termination of parole should be governed by that statute instead of 8 U.S.C. § 1225(b)(2) under precedent from the Tenth Circuit and this Court. In his traverse, petitioner pivots and now asserts that very claim. Petitioner thus argues that because he was not recently detained as an alien newly arriving in the United States, but had been present in the United States for a period of years when he was detained, his detention does not fall within the scope of Section 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner, but instead is governed by Section 1226(a), which provides for discretionary release on bond. Petitioner claims that his detention without any consideration of his release on bond violates these statutes.

In cases involving the same issue, this Court has rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under Section 1226(a). *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who has pursued an application for asylum. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation

as well. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in the cited cases, and they therefore acknowledge that the reasoning of those cases would also apply here.[1] Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinion in *Galdamez Orellana*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the relief for this violation, the Court denies petitioner's requests for release or for a bond hearing under particular terms. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 180 F.4th at 1251 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require simply that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. §

---

[1] In their answer, respondents noted that petitioner had not raised this issue in the petition, but they nevertheless provided their position on the issue. Thus, because respondents have addressed this claim, the Court addresses it as well.

1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **September 2, 2026**.[2]

Finally, the Court notes that petitioner has requested an award of attorney fees. Any such request should be made by future motion, after consultation with Government counsel, in accordance with applicable rules.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **September 2, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

IT IS SO ORDERED.

Dated this 21st day of August, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.